IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHYLLIS CARROLL       :

    v.                : Civil Action No. DKC 12-2041

PAUL LAW OFFICE, PLLC :

**MEMORANDUM OPINION**

Presently pending and ready for review in this consumer debt collection case is the motion for default judgment filed by Plaintiff Phyllis Carroll. (ECF No. 14). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for default judgment will be granted.

**I. Background**

   **A. Factual Background**

In her verified complaint and attached documents, Plaintiff alleges she had an account with Metris/Direct Merchants with an overdue balance of $2,125.04. (ECF No. 1-3). On July 7, 2011, Defendant, a debt "collections business" with an office in Salt Lake City, Utah, offered to settle the account for $1,043.86. (ECF No. 1 ¶¶ 8-10). Plaintiff accepted this offer and, on July 12, 2011, paid the sum via "check-by-phone." (*Id.* ¶ 12). The settlement check cleared on July 14, 2011. (*Id.* ¶ 13). On August 31, 2011, a representative of the Paul Law Office

contacted Plaintiff, informing her that she had an outstanding balance on the settled account. (*Id.* ¶ 4). Plaintiff's attorney confirmed with Defendant that it was attempting to collect on the account. (*Id.* ¶ 15). Plaintiff argues that she entered into an enforceable agreement to settle the account, and that Defendant's debt collection efforts are in direct violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

### B. Procedural Background

On July 10, 2012, Plaintiff filed a complaint against Defendant alleging a single violation of the FDCPA. (ECF No. 1). Defendant was served with a summons and a copy of the Complaint on July 16, 2012, and Plaintiff filed Proof of Service on July 25, 2012. (ECF No. 3). On August 21, 2012, Plaintiff moved for an entry of default, which was entered by the clerk on September 10, 2012. (ECF Nos. 4 & 6). On January 11, 2013, Plaintiff filed a motion for default judgment. (ECF No. 14). Defendant has not opposed.

## II. Standard of Review

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered

by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2).  A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir. 1980)).

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not."  *Lawbaugh*, 359 F.Supp.2d at 422. Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default:  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot

3

award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2[d] Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2[d] Cir. 1981)). While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

**III. Analysis**

    **A.    Sufficiency of the Complaint**

In evaluating a request for a default judgment, the court must, accepting all factual allegations in the complaint as true, determine if the complaint adequately states a claim. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Fourth Circuit has established that "the threshold requirement for application of the [FDCPA] is that prohibited practices are used in an attempt to collect a debt." *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 87–88 (4th Cir. 1994). The

FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The false representation of the character, amount, or legal status of any debt" is specifically prohibited by the statute. 15 U.S.C. § 1692e(2)(A). The FDCPA is a strict liability statute, meaning that a consumer need only prove one violation in order to establish liability. *See* 15 U.S.C. § 1692k(a); *Spencer v. Hendersen–Webb, Inc.*, 81 F.Supp.2d 582, 590–91 (D.Md. 1999).

Taken as true, Plaintiff's allegations adequately state a claim for relief under the FDCPA. Plaintiff alleges that she settled her debt by paying Defendant an agreed upon amount *via* "check-by-phone" on July 12, 2011. She also alleges that on August 31, 2011, Defendant contacted her in an attempt to collect on the already-settled account. Attempting to collect an already-settled debt falsely represents the "character, amount, and legal status" of the debt. 15 U.S.C. § 1692e(2)(A); *see also Yarney v. Ocwen Loan Servicing, LLC*, No. 12-CV-0014, 2013 WL 880077, at *5 (W.D.Va. Mar. 8, 2013) (collecting cases and holding that "[o]ne type of misrepresentation prohibited by § 1692e(2)(A) is the false representation that a debt exists"). This single violation of the FDCPA is sufficient to trigger liability and entitle Plaintiff to relief.

## B. Statutory Damages

15 U.S.C. § 1692k(a) provides that actual damages, statutory damages, costs, and reasonable attorneys' fees are available to plaintiffs who have established a violation of the statute. Plaintiff does not seek actual damages, but seeks $1,000 in statutory damages.

The FDCPA grants courts discretion to award statutory damages in an amount not to exceed $1,000. 15 U.S.C. § 1692k(a)(2)(A). In awarding statutory damages, "the court must consider the frequency and persistence of [the debt collector's] noncompliance, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010) (citing § 1692k(b)) (internal quotation marks omitted).

"The maximum statutory damages award is only assessed in cases where there [have] been repetitive, egregious FDCPA violations and even in such cases, the statutory awards are often less than $1,000." *Thomas v. Smith, Dean & Assocs., Inc.*, No. 10-3441, 2011 WL 2730787, at *3 (D.Md. July 12, 2011) (quoting *Ford v. Consigned Debts & Collections, Inc.*, No. 09-3102, 2010 WL 5392643 at *5 (D.N.J. Dec. 21, 2010)) (awarding $500 in statutory damages where the defendant threatened imprisonment, contacted the plaintiff's employer, and called the plaintiff twice). In *Spencer v. Henderson-Webb, Inc.* a court in

6

this district awarded a plaintiff $1,000 in statutory damages because the defendant violated the FDCPA on six separate occasions. *Spencer*, 81 F.Supp.2d at 594. Even where the underlying behavior was much more severe than the behavior alleged by Plaintiff, other courts' awards of statutory damages did not approach the $1,000 maximum. *See, e.g.*, *Marchman v. Credit Solutions Corp.*, No. 10-226, 2011 WL 1560647, at *11 (M.D.Fla. April 5, 2011) (awarding $100 in statutory damages for violation of the FDCPA where the defendant called the plaintiff twice and threatened to contact the plaintiff's employer); *Pearce v. Ethical Asset Mgmt.*, No. 07-718S, 2010 WL 932597, at *6 (W.D.N.Y Jan. 22, 2010) (awarding $250 in statutory damages for violation of the FDCPA where the defendant left multiple voicemails threatening to sue, inform the plaintiff's parole officer, and have the plaintiff thrown in jail). By contrast, the Fourth Circuit upheld an award of only $50 in statutory damages when the Defendant was found to have engaged in one FDCPA violation that was, "at most a technical misstep." *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 627 (4th Cir. 1995).

In the present case, Plaintiff alleges only one violation of the FDCPA in which she was "contacted" by Defendant, who told her that there remained an outstanding balance on her settled account. Plaintiff does not allege that the violation was intentional or that Defendant acted in a threatening or

7

aggressive manner. Given the minimal extent of the violation and lack of ill-intent, an award of statutory damages in the amount of $1,000 would be inappropriate. In light of awards in similar cases, an award of $50 is warranted.

**C. Costs**

The FDCPA allows a successful plaintiff to recover "the costs of the action." 15 U.S.C. § 1692k(a)(3). Filing fees and service process fees are reasonable costs of litigation that may be recovered. *See Lopez v. Lawns 'R' Us*, No. 07-CV-2979, 2008 WL 2227353, at *7 (D.Md. May 23, 2008) (finding a $350 filing fee and a $200 service of process fee to be "well within the categories of normal and necessary costs of litigation that would normally be charged to paying clients"). Plaintiff has provided an itemized list of costs, consisting of a $350 filing fee and a $75 Process Server Invoice Payment. Supporting documentation filed with Plaintiff's motion indicates that these sums were paid. (ECF No. 14-1). Because Plaintiff has adequately demonstrated the reasonableness of the costs requested, she will be awarded $425 in costs.

**D) Attorneys' Fees**

The FDCPA provides for the recovery of reasonable attorneys' fees for successful plaintiffs. 15 U.S.C. § 1692k(a)(3). While an award of attorneys' fees is mandatory "in all but the most unusual circumstances," the district court has

discretion to "calculate an appropriate award of attorneys' fees." *Carroll*, 53 F.3d at 628. In making that assessment, courts typically "use the principles of the traditional lodestar method as a guide." *Poulin v. Gen. Dynamics Shared Res.*, No. 09-00058, 2010 WL 1813497, at *1 (W.D.Va. May 5, 2010) (quoting *Almodova v. City & Cnty. of Honolulu*, No. 07-00378, 2010 WL 1372298, at *7 (D.Haw. Mar. 31, 2010)). The lodestar amount is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Lippe v. TJML, LLC*, No. DKC-12-0260, 2013 WL 597599, at * 1 (D.Md. Feb. 15, 2013). The FDCPA does not mandate an award of attorneys' fees in the lodestar amount if the court finds it to be unreasonable. *Carroll*, 53 F.3d at 629.

In evaluating the reasonableness of the lodestar amount, this court uses "the twelve well-known factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)." *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, No. 95-309, 2002 WL 31777631, at *6 (D.Md. Nov. 21, 2002). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the

9

circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (citations and quotation marks omitted).

To assist in the evaluation of these factors, Local Rule 109(b) requires that a request for attorneys' fees be:

supported by a memorandum setting forth the nature of the case, the claims as to which the party prevailed, the claims as to which the party did not prevail, a detailed description of the work performed broken down by hours or fractions thereof expended on each task, the attorneys' customary fee for such like work, the customary fee for like work prevailing in the attorneys' community, a listing of any expenditures for which reimbursement is sought, any additional factors which are required by the case law, and any additional factors that the attorney wishes to bring to the Court's attention.

Additionally, Appendix B requires the fee application to be broken down by both task and litigation phase. Appendix B also sets forth a guide for determining the reasonableness of an attorney's hourly wage, depending on how long the attorney has been a member of the bar.

The declaration of Plaintiff's attorney does not satisfy the requirements set forth in Local Rule 109 or Appendix B. Particularly, Plaintiff offers no specific attestation to the customary fee for like work prevailing in the community, or the duration of the attorney's bar membership. *See Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (noting that "the fee applicant

must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (citations and quotation marks omitted). Without this information, the court is unable adequately to assess the reasonableness of the attorneys' fees sought. Accordingly, Plaintiff will be provided an opportunity to file a more detailed account of her attorneys' fees, in accordance with the Local Rule 109 and Appendix B to the Local Rules.

## IV. Conclusion

For the foregoing reasons, the motion for default judgment filed by Plaintiff Phyllis Carroll will be granted. Plaintiff may submit a supplemental fee petition, in proper form, within fourteen (14) days. A separate Order will follow.

                                              /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge